IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TIMMY BUCHANAN, et al., | ) |
| Plaintiffs, | ) |
| v. | ) CASE NO. 3:23-CV-179-ECM-KFP |
| MICHELE VASQUEZ, | ) |
| Defendant. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this lawsuit alleging constitutional violations by Defendant Michele Vasquez, who lives in Otero County, Colorado, and Defendant's alleged conduct occurred while she performed her day-to-day duties as a child welfare case worker in Otero County, Colorado. Doc. 1 at 3–4.

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in (1) a judicial district where any defendant resides if all defendants are residents of the state where the district is located; (2) a judicial district where a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

A district court may raise the issue of improper venue sua sponte. *See Kapordelis v. Danzig,* 387 F. App'x 905, 906–907 (11th Cir. 2010) (affirming sua sponte transfer of pro se prisoner's *Bivens* action from New York to Georgia pursuant to 28 U.S.C. § 1406(a)),

*cert. denied,* 562 U.S. 1250 (2011); 28 U.S.C. § 1406 (stating a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought").

Because venue appears to be improper in this case, the Court ordered Plaintiffs to show cause why it should not be transferred to the District of Colorado. *See* Doc. 6. In response, Plaintiffs stated that they cannot afford to go to Colorado; believe they cannot receive an unbiased opinion from a Colorado court; and experienced intentional infliction of emotional distress, false imprisonment, and defamation of character "at the hands of the Colorado Judicial System." Doc. 9 at 2. However, none of these grounds is a proper basis for determining venue under 28 U.S.C. § 1391(b).

Accordingly, the Magistrate Judge RECOMMENDS that this case be transferred to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1391(b) and 1406(a).

Further, it is ORDERED that by **June 14, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District

Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *See* 11TH CIR. R. 3-1.

   Done this 31st day of May, 2023.

                              /s/ Kelly Fitzgerald Pate
                              KELLY FITZGERALD PATE
                              UNITED STATES MAGISTRATE JUDGE